UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS VALDEZ-BERNAL,<br><br>　　　　Petitioner,<br>v.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security, *et al.*,<br><br>　　　　Respondents. | Civil No. 08CV780 JAH(POR)<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND ORDER TO SHOW CAUSE** |

On April 29, 2008, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a motion for appointment of counsel under 18 U.S.C. § 3006A. After careful consideration, and for the reasons set forth below, this Court **GRANTS** Petitioner's motion for appointment of counsel and issues an order to show cause requiring Respondents to file a return to the petition.

**A.  Motion for Appointment of Counsel**

Petitioner moves for appointment of counsel under 18 U.S.C. § 3006A(a)(2). Under this statute, the district court may appoint counsel for financially eligible petitioners seeking relief under 28 U.S.C. § 2241 when the interests of justice so require. The Court considers whether there is a likelihood of success on the merits and whether the unrepresented petitioner has the ability to articulate his claims in light of the complexity of the issues presented. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner demonstrates he is financially unable to retain counsel. He has no funds in

his account at the El Centro Detention Center. Since he is in custody, he does not have a source of income or employment. Accordingly, he is financially eligible for a court-appointed attorney.

Further, the Court finds the issues presented in this action warrant appointment of counsel. Petitioner, a citizen of Mexico, has been in Respondent's custody since April 20, 2005. Petitioner previously filed a habeas petition with this Court on October 2, 2006, which was denied. <u>See</u> Petition, Appendix B (August 22, 2007 Order denying petition). At that time, Petitioner's petition for review has been pending in the Ninth Circuit and a judicial stay of removal was in effect. This Court denied habeas relief for these reasons.

Petitioner contends that now his circumstances have changed. On December 19, 2007, the Ninth Circuit granted his petition for review and remanded the case back to the Board of Immigration Appeals (BIA) for a new hearing. <u>See</u> Petition, Appendix A (Order of the Ninth Circuit in Case No. 06-71306). Therefore, according to Petitioner, there exists no outstanding removal order against him. Also, Petitioner claims a new hearing has not yet been held, or even scheduled, while Petitioner remains in Respondent's custody.

Petitioner's allegations and prevailing law suggests Petitioner may succeed on his claim. In <u>Zadvydas v. Davis</u>, 121 S. Ct. 2491, 2505 (2001), the Supreme Court held that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention and, once an alien has been held for six months under the post-removal-period statute and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish evidence sufficient to rebut that showing. Also, in <u>Tijani v. Willis</u>, 430 F.3d 1241 (9th Cir. 2005), the Ninth Circuit reviewed a § 2241 habeas petition by an alien who was detained for two years and eight months during removal proceedings while the court continued to sort out whether the offenses actually fell within the reach of the mandatory detention statute. The <u>Tijani</u> court held that it was "constitutionally doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident aliens who are subject to removal." <u>Id.</u> at 1242.

Finally, Petitioner has a limited education, no legal training or background and may not

1 be able to obtain discovery without the aid of counsel.  Thus, having carefully considered
2 Petitioner's motion, the record, and applicable law, the Court finds that the interests of justice
3 require appointment of counsel.  Based upon Petitioner's motion and the declaration of Janet
4 Tung, an attorney with the Federal Defenders of San Diego, Inc., who indicates she is ready and
5 able to assist Petitioner, the Court appoints the Federal Defenders of San Diego, Inc. to
6 represent Petitioner.  Accordingly, Petitioner's motion for appointment of counsel is
7 **GRANTED.**

8 **B.   Order to Show Cause**

9 Having received and reviewed Petitioner's petition for writ of habeas corpus under
10 28 U.S.C. § 2241, **IT IS HEREBY ORDERED** that:

11 1. Respondents shall file a return to the petition for writ of habeas corpus on or
12 before **July 23, 2008**.  Respondents shall include copies of all pertinent documents, orders, and
13 transcripts relevant to this petition, and shall also make a recommendation regarding the need
14 for an evidentiary hearing on the merits of the petition.

15 2. Petitioner shall file a traverse on or before **August 13, 2008.**  *The matter will be*
16 *deemed under submission at that time*.

17 Dated: June 17, 2008

_____
JOHN A. HOUSTON
United States District Judge