1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10   JUAN CARLOS VALDEZ-BERNAL,              Civil No.    08cv780 AJB(POR)

11                              Plaintiff,   **ORDER DENYING FIRST AMENDED**
                                             **PETITION FOR WRIT OF HABEAS**
12            v.                             **CORPUS PURSUANT TO 28 U.S.C. §**
                                             **2241**
13   MICHAEL CHERTOFF, et als.,

14                             Defendants.

15          On April 29, 2008, Petitioner Juan Carlos Valdez-Bernal ("Petitioner") filed a petition for

16   writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner challenges his detention alleging that

17   he is a United States citizen and contends that his constitutional rights have been violated as he is

18   being indefinitely detained.  After a thorough review of the papers and applicable law, the Court

19   DENIES the first amended petition for writ of habeas corpus.

20                                    **Background**

21          Petitioner is a native of Mexico who immigrated to the United States on February 23, 1968.

22   (Resp't Exs. 1-2.)  On August 8, 2001, he was convicted in California state court for possession of a

23   controlled substance and sentenced to five years in prison.  (Id.)  On April 15, 2005, the Department

24   of Homeland Security ("DHS") took custody of Petitioner for the 2001 conviction and placed him in

25   removal proceedings charging him with deportability under 8 U.S.C. § 1227(a)(2)(B)(i).  (Id., Ex.

26   2.)

27          During removal proceedings, Petitioner admitted the alleged grounds for deportability but

28   claimed to be a United States citizen through his father.  After evidentiary hearings on June 2 and

1  October 6, 2005, the IJ found that Petitioner had not supported his claim to U.S. citizenship.  (Id.,

2  Exs. 35-48.)    On October 6, 2005, the Immigration Judge ("IJ") ordered Petitioner removed from

3  the United States.  (Id., Exs. 35-47.)

4       The IJ also exercised his discretion to deny Petitioner's application for relief from removal

5  under 8 U.S.C. § 1229b(a) (cancellation of removal) and his application for voluntary departure

6  under 8 U.S.C. § 1229c(b).  (Id., Exs. 35-47.; First Am. Pet., Appendix B.)

7       Petitioner appealed the decision to the Board of Immigration Appeals ("BIA").  On February

8  28, 2006, the BIA upheld the IJ's decision.  (Resp't Exs. 61-63.)  On March 13, 2006, Petitioner

9  petitioned for review in the Ninth Circuit in Valdez v. Gonzales, No. 06-71306, and obtained a stay

10  of removal.  (Resp't Ex. 89.)  DHS provided Petitioner with custody review pending his judicial

11  review.  (Id., Exs. 64-86.)

12       On December 19, 2007, the Ninth Circuit found that the IJ had not informed Petitioner of his

13  right to counsel and therefore prevented him from fully investigating and litigating his derivative

14  citizenship claim.  (Resp't Exs. 93-95.)  The case was remanded to give Petitioner an opportunity to

15  present evidence in support of his derivative citizenship claim in a new hearing before the IJ.  (Id.)

16  The mandate issued on February 12, 2008.  (Id., Ex. 91.)

17       On October 6 and 20, 2008, Petitioner was afforded a bond hearing.  The IJ orally denied

18  bond on October 20, 2008.  (Resp't Ex. 103.)  On November 18, 2008, Petitioner filed an appeal of

19  the IJ's bond decision.  (Id., Exs. 104-05.)   On December 3, 2008, the IJ denied bond.  (Id., Exs.

20  106-10.)  Petitioner appealed to the BIA and the BIA upheld the IJ's decision.  (Id., Exs. 111-14.)

21       On January 9, and March 23, 2009, the IJ held evidentiary hearings on Petitioner's U.S.

22  citizenship claim.  (Resp't Exs. 116-215.)  The IJ issued his detailed written decision on April 10,

23  2009 finding that Petitioner had not established that his father had satisfied the residency

24  requirement.  (Resp't Exs. 216-27.)  On April 23, 2009, Petitioner appealed to the BIA.  (Resp't Exs.

25  228-30.)  On July 29, 2009, the BIA denied his appeal.  (Dkt. No. 26 at 2.)  On August 13, 2009,

26  Petitioner appealed the BIA's denial to the Ninth Circuit in case no. 09-72575.  (Dkt. No. 26, Ex. A.)

27  The Ninth Circuit granted a temporary stay of removal.  (Id.)  On May 12, 2011, the Ninth Circuit

28  denied the petition for review and determined that Petitioner had failed to produce "substantial

credible evidence to create a genuine issue of material fact about whether his father was physically present prior to 1950."  (Resp't Suppl Briefing filed on 7/11/11, Exs. 237-38.)  On June 27, 2011, Petitioner filed a petition for panel rehearing and petition for rehearing *en banc*.  (Dkt. No. 34, Ex. A.)  On July 20, 2011, the Ninth Circuit denied Petitioner's petition for rehearing and rejected the petition for rehearing *en banc*. (Id.)  On July 28, 2011, the mandate issued and the stay of removal lifted.  (Ninth Circuit Dkt., Case No. 09-72575.)

On April 29, 2008, Petitioner filed a petition for writ of habeas corpus in this Court.  After proceedings, Petitioner filed a first amended petition on June 29, 2009.  Respondents filed a return on July 27, 2009.  On August 10, 2009, Petitioner filed a traverse.  On September 2, 2009, Petitioner filed a notice of changed circumstances.  On March 25, 2011, the case was transferred to the undersigned judge.  Pursuant to the Court's order, Petitioner filed a brief on June 20, 2011 and on July 11, 2011, Respondents filed a response.

On July 5, 2011, Petitioner filed an emergency request for judicial notice.  On July 22, 2011, Petitioner also filed an emergency motion for temporary stay of removal.  Respondent filed a response on July 24, 2011.  A hearing was held on July 26, 2011 regarding the emergency request for judicial notice and emergency motion for stay.  Kristi Hughes, Esq. appeared on behalf of Petitioner and Sam Bettwy, Esq. appeared on behalf of Respondents.  (Dkt. No. 36.)  On July 29, 2011, the Court denied Petitioner's motion for stay of removal and denied Petitioner's emergency request for judicial notice.  (Dkt. No. 37.)

## Discussion

In the first amended petition, Petitioner argues that (1) he must be ordered released because his detention violated federal law and the U.S. Constitution because he is a U.S. citizen; and (2) he is entitled to be immediately released because the government has failed to provide him with a bond hearing within 60 days; the Government failed to meet its burden of justifying continued detention; and the bond hearing held did not meet the standard for procedural due process.  Alternatively, Petitioner argues he should be afforded a procedurally adequate bond hearing.

**A.     Jurisdiction**

Pursuant to 28 U.S.C. § 2241, alien detainees can properly challenge "the extent of the

1   Attorney's General's authority" to detain a removable alien under the general detention statutes.

2   Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).  The REAL ID Act of 2005 amended the

3   Immigration and Nationality Act ("INA") and vests jurisdiction over final removal orders with the

4   court of appeals.  Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006)  The Real ID Act

5   does not divest the district court of jurisdiction because the Act was "not intended to 'preclude

6   habeas review over challenges to detention that are independent of challenges to removal orders.'"

7   Singh v. Gonzales, 499 F.3d 969, 978 (9th Cir. 2007) (quoting H.R. Rep. No. 109-72, at 175, 2005

8   U.S.C.C.A.N. 240, 2009).  Here, Petitioner challenges his continued detention and not the validity of

9   a final order of removal.  Therefore, this Court has jurisdiction under 28 U.S.C. § 2241 to consider

10  his petition.

11  **B.      Derivative Citizenship**

12          Petitioner argues that the petition should be granted because he is a United States citizen.  He

13  claims that he is being illegally detained under the Non-Detention Act, 18 U.S.C. § 4001.  On May

14  12, 2011, the Ninth Circuit held that Petitioner had not shown the standard to demonstrate derivative

15  citizenship.  (Ninth Circuit Dkt., Case No. 09-72575.)  Accordingly, this forecloses the district court

16  from ruling on the derivative citizenship issue.  Therefore, the Court DENIES the claim that his

17  detention violates federal law and the U.S. Constitution because he is a U.S. citizen as MOOT.

18  **C.      Immediate Release under Tijana and Casas-Castrillon**

19          Petitioner contends that he is entitled to immediate release under conditions of supervision

20  because Respondents have violated Tijana v. Willis, 430 F.3d 1241 (9th Cir. 2005) and Casas-

21  Castrillon v. D.H.S., 535 F.3d 942 (9th Cir. 2008) by failing to provide him with a bond hearing

22  within 60 days.  However, Petitioner does not provide legal support that there is a 60 day

23  requirement to provide a bond hearing or from what time period the 60 day requirement would

24  begin.  Petitioner cites to a letter dated August 1, 2008 by the Respondent's attorney to Petitioner's

25  attorney providing Petitioner direction on how to request a bond hearing.  (First Am. Pet., Appendix

26

27

28

C.)  However, there is no indication in the letter that a bond hearing would be held within 60 days.[1] In addition, Petitioner cites to <u>Casas-Castrillon</u> and <u>Tijana</u> cases in support of the 60 day time period; however, there is no requirement that a bond hearing be held within 60 days.  In the conclusion of those cases, the Ninth Circuit only required the Government to provide a bond hearing within 60 days.  <u>See</u> <u>Casas-Castrillon</u>, 535 F.3d at 952; <u>Tijana</u>, 430 F.3d at 1242.  Accordingly, Petitioner's argument that Respondent violated the "60 day period" is without merit.

     Petitioner also argues that under <u>Casas-Castrillon</u>, he is entitled to a new bond hearing since his due process rights were violated at his previous procedurally-deficient bond hearing.  First, the Court notes that recently the Ninth Circuit issued the mandate in his petition for review on July 28, 2011.  Under <u>Prieto-Romero</u>, the Ninth Circuit held that the authority for continued detention shifts to 8 U.S.C. § 1231(a) only upon final order denying a petition for review of removal.  <u>Prieto-Romero v. Clark</u>, 534 F.3d 1053, 1060 (9th Cir. 2008).  Since the mandate issued and the stay lifted, Petitioner's detention is now governed by 8 U.S.C. § 1231(a)(2).  <u>See</u> 8 U.S.C. § 1231(a)(1)(B)(ii). Under 8 U.S.C. § 1231(a)(2), the Attorney General must detain the alien and accomplish removal within a period of 90 days.  8 U.S.C. §§ 1231(a)(2); (a)(1)(A).  Without providing any legal support, Petitioner asks the Court that he be immediately released because under § 1231, the Court "may not now remedy the procedural deficiencies at his bond determination hearing by ordering the IJ hold a new, procedurally adequate hearing." (Traverse at 7.)  Now that Petitioner has entered the removal period and is still within the 90 day period, detention is mandatory.  <u>See</u> 8 U.S.C. § 1231(a)(2). Therefore, his request for immediate release and for a new bond hearing must be denied.  Once the 90 day period lapses, he may be entitled to seek relief under 8 U.S.C. § 1231(a)(6).  <u>See</u> <u>Diouf v. Napolitano</u>, 634 F.3d 1081 (9th Cir. 2011).

## Conclusion

    Based on the above, the Court DENIES the first amended petition for writ of habeas corpus. IT IS SO ORDERED.

---

[1] The Court also notes that a bond hearing was held on October 6, and 20, 2008, a few days past the alleged "60 day" period from the Government's letter.  Moreover, the hearing was originally set for September 30, 2008 before it was continued to October 6, 2008.  (First. Am. Pet., Appendix E.)

[08cv780-AJB(POR)]

1    DATED:  August 19, 2011

2                                              _____
                                               Hon. Anthony J. Battaglia
3                                              U.S. District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[08cv780-AJB(POR)]